

FILED

10/20/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0449

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0449

IN RE MARRIAGE OF

BRIDGET J. KELLY,

      Petitioner and Appellee,

v.

JOSEPH S. CAMP, III,

      Respondent and Appellant.

FILED

OCT 20 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

By motion filed September 28, 2020, Appellee Bridget J. Kelly moves this Court pursuant to M. R. App. P. 6(5)(f) and (6) to dismiss the appeal of Appellee Joseph S. Camp, III, filed on September 14, 2020, on the asserted ground that the appeal is premature because the underlying District Court judgment is not a final judgment due to the outstanding pendency of an attorney fees award. Appellee asserts that the subject District Court judgment included an attorney fees award in an amount yet to be determined upon the record of a hearing scheduled for October 14, 2020. Appellant opposes the motion on the asserted grounds that, although the amount of the included attorney fees award has yet to be determined, the award is not "necessary" as referenced in M. R. App. P. 4(1)(a) because the District Court has since vacated the previously scheduled October 14 attorney fees hearing on the stated ground that filing of Appellant's notice of appeal deprived the court of "the authority to address the pending dispute regarding attorney fees and costs."

Except under certain circumstances not presented here, a party may appeal only from a "final judgment." M. R. App. P. 6(1). A "final judgment" is a judgment that "conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, *including any necessary determination of the amount of costs and attorney fees awarded*" therein. M. R. App. P. 4(1)(a) (emphasis added). The premature filing of a notice of appeal prior to determination of the amount of costs and attorney fees

awarded in an otherwise final judgment does not deprive the District Court of authority to proceed to that determination. *In re Marriage of Marez & Marshall*, 2014 MT 333, ¶ 40, 377 Mont. 304, 340 P.3d 520. *See also* M. R. App. P. 5(a)(ii) ("premature filing of a notice of appeal" does not deprive court of "jurisdiction to enter the written judgment"). Here, pursuant to M. R. App. P. 4(1)(a), the subject judgment will not be final until the District Court determines and enters judgment on the included award of attorney fees and costs. Appellant prematurely filed a notice of appeal and the District Court thus erroneously concluded that it deprived the court of jurisdiction to determine the amount of the included award of attorney fees and costs.

THEREFORE,

IT IS ORDERED that Appellee's "Motion to Dismiss" this premature appeal, instituted by notice filed September 14, 2020, is hereby GRANTED.

IT IS FURTHER ORDERED that Appellant's Appeal is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this 20th day of October, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

2